IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEE CROWE, by and through his Mother
and Next Friend, JANNA CROWE, ET AL.                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:08CV181-B-D

DR. ROBERT L. ROBINSON, Individually and
In His Official Capacity as the Director of the
Division of Medicaid of the State of Mississippi                         DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion to dismiss. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiffs are disabled minors who have received physical and occupational therapy through the defendant, the Division of Medicaid of the State of Mississippi ("DOM"). The plaintiffs allege that at various points in 2007, the services provided by DOM were wrongly reduced. The defendant contends that these decisions were based on the recommendation of DOM's Peer/Utilization Review Organization, HealthSystems of Mississippi ("HSM").

The plaintiffs appealed these decisions by requesting a "state office hearing" pursuant to Miss. Code Ann. § 43-13-116(3)(a). Hearings were scheduled for all of the plaintiffs who then requested that an HSM representative be present to testify regarding the reduction in services. Dr. Joseph Blackston, medical director of HSM, was in attendance at the hearings based on DOM's position that Dr. Blackston in his capacity as medical director was responsible for all reviews conducted of HSM's therapy decisions and therefore qualified to testify regarding the reduction of services. Unsatisfied with the defendant's failure to produce the specific HSM

employees responsible for the review and reduction in services, the plaintiffs requested a continuance to which all parties agreed. The plaintiffs stated that they had "repeatedly asked for the opportunity to confront and cross-examine the employees of HSM that were directly involved in the decisions regarding the reduction in services." The plaintiffs requested that DOM require the specific HSM employees responsible for the review and reduction in services to be available at the rescheduled hearings for testimony and cross-examination.

The hearing officer informed the plaintiffs by letter that they could request that subpoenas be issued for these employees and asked the plaintiffs to advise as to how they intended to proceed. The plaintiffs, who argue that it was impossible to subpoena persons they did not know, never submitted written requests that subpoenas be issued and instead filed the present action. The hearings have never been rescheduled, and pursuant to Miss. Code Ann. § 43-13-116(3)(e)(ii), the services provided to the plaintiffs have not been reduced. The plaintiffs continue to receive therapy at the higher, pre-reduction level.

The plaintiffs filed the present case on July 21, 2008, seeking declaratory and injunctive relief against the director of DOM in his individual and official capacities. The defendant has moved to dismiss.

## Standard of Review

A Rule 12(b)(6) motion to dismiss is "viewed with disfavor and is rarely granted." *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The complaint is liberally construed in the plaintiff's favor, and all well-pleaded facts in the complaint are taken as true." *Priester v. Lowndes County*, 354 F.3d 414, 419 (5th Cir. 2004). "The determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer

evidence to support his claim." *Priester*, 354 F.3d at 419 (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The court will not dismiss the plaintiff's claim, therefore, "unless the plaintiff will not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in his complaint." *Id.* The court, however, will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The standard of review for a 12(b)(1) motion to dismiss is the same as for a motion to dismiss under Rule 12(b)(6). *Hensley v. Redi-Med of Mandeville*, No. Civ. 09-47, 2009 WL 2408319, at *2 (E.D. La. Aug. 4, 2009).

## Analysis

The defendant first asserts that the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires dismissal of this case. The plaintiffs argue that *Younger* abstention is not applicable because the defendant has acted in bad faith by refusing to disclose the identity of employees of HSM, DOM's Peer/Utilization Review Organization, who reviewed their medical files and by producing an administrative officer who has no personal knowledge of the facts in this case and is without expertise in medicine or therapy.

*Younger* abstention was initially applied in cases involving ongoing criminal proceedings, but "*Younger*'s applicability has been expanded to include certain kinds of civil and even administrative proceedings that are 'judicial' in nature." *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 520 (5th Cir. 2004) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 620 (1986)). In *Ohio Civil Rights Comm'n*, the Court found that *Younger*

3

abstention was appropriate because the matter was already before a state commission charged with hearing gender discrimination claims. *Ohio Civil Rights Comm'n*, 477 U.S. at 620. Explaining that *Younger* abstention is based on concerns for comity and federalism, the Court stated, "Such concerns are equally applicable to other types of state proceedings, including state administrative proceedings, judicial in nature, in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff will have a full and fair opportunity to litigate his constitutional claim." *Id.*

In the present case, first, the State of Mississippi certainly has an important interest in administering its Medicaid program. *See, e.g., Trainor v. Hernandez*, 431 U.S. 434, 444 (1977) (recognizing the State's interest in administering its public-assistance programs, stating that the suit was "brought to vindicate important state policies such as safeguarding the fiscal integrity of those programs."). Second, the proceedings are "judicial in nature." Mississippi Code Ann. § 43-13-116, which grants DOM the authority to determine Medicaid eligibility, explains the administrative hearing procedure and outlines the rights of the claimant as follows:

> (vi) The claimant or his representative has the following rights in connection with a local or state hearing:
> (A) The right to examine at a reasonable time before the date of the hearing and during the hearing the content of the claimant's case record;
> (B) The right to have legal representation at the hearing and to bring witnesses;
> (C) The right to produce documentary evidence and establish all facts and circumstances concerning eligibility, services, or benefits;
> (D) The right to present an argument without undue interference;
> (E) The right to question or refute any testimony or evidence including an opportunity to confront and cross-examine adverse witnesses.

Miss. Code Ann. § 43-13-116(3)(e)(vi). This section of the statute clearly describes a proceeding that is "judicial in nature." Finally, the rights provided in this section coupled with the right "to seek judicial review in a court of proper jurisdiction" provided in § 43-13-

4

116(3)(e)(xvii) will allow the plaintiffs full and fair opportunity to litigate any constitutional claims. For these reasons, the court finds that *Younger* abstention is applicable in the present case.

As the plaintiff notes, certain exceptions exist for the applicability of *Younger* abstention. For instance, "courts may disregard the *Younger* doctrine when . . . the state court proceeding was brought in bad faith . . . ." *Earle*, 388 F.3d at 519. The bad faith exception to the *Younger* abstention doctrine, however, "is narrow and should be granted parsimoniously." *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985). A district court should not enjoin a state court proceeding without "allegations and **proof** of bad faith." *Hensler v. Dist. Four Grievance Comm.*, 790 F.2d 390, 391-92 (5th Cir. 1986) (emphasis added). To establish entitlement to the bad faith exception to *Younger*, a plaintiff must allege specific facts to support his inferences of bad faith; he "must present more than mere allegations and conclusions." *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725 (7th Cir. 1999). As this court explained above in setting forth the standard of review, it may "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

The plaintiffs in the present case make no specific factual allegations that would allow this court to infer that DOM is conducting the subject hearings in bad faith. First, the plaintiffs' allegation that DOM refuses to provide the relevant HSM employees' identities is baseless. It is uncontested that the hearing officer advised the plaintiffs that they may submit written requests for issuance of subpoenas for these individuals, but the plaintiffs have failed to do so, arguing that such action is impossible since DOM will not disclose the names of the individuals. DOM states that if the plaintiffs "submit a written request that a subpoena be issued for all HSM

employees that reviewed their files, the Hearing Officer would have no problem determining which individuals the plaintiffs sought to subpoena." Second, the plaintiffs' assertion that DOM brought an administrative officer without any personal knowledge of the facts of the case and without expertise in medicine or therapy is also without merit. Dr. Joseph Blackston, the individual provided by DOM, is responsible for all determinations regarding therapy services made by HSM and can testify and be cross-examined about the reasons the HSM employees who reviewed the plaintiffs' files determined that the plaintiffs were receiving services which were medically unnecessary. The court finds that the bad faith exception to the *Younger* abstention doctrine is not applicable in this case.

The court also finds that the plaintiffs do not have standing and that this case is not ripe for review because the plaintiffs have not suffered an "injury in fact" at this point. The plaintiffs specifically assert that they have been deprived of needed medical service and treatment, but it is uncontested that they continue to receive therapy at the higher, pre-reduction level while their appeals are pending. Since DOM has made no final determination regarding whether the plaintiffs' services will be reduced, the alleged injury is not "actual or imminent."

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "standing doctrine" requires first that "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical." *Id.* (internal citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the

6

defendant, and not the result of the independent action of some third party not before the court." *Id.* Third, that the injury will be redressed by a favorable decision must be "likely" as opposed to merely "speculative." *Id.* at 561. Further, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

Allowing the plaintiffs' complaint the most liberal reading, it appears that the plaintiffs have alleged no set of facts in support of their claim that would entitle them to relief. *Bishop v. State Bar of Texas*, 736 F.2d 292, 295 (5th Cir. 1984). The allegations set forth in the plaintiffs' pleadings reveal that this is not a case for application of the very narrow bad-faith exception to the *Younger* abstention doctrine. Further, it appears the plaintiffs do not have standing pursuant to Article III of the Constitution, and the case is not ripe for this court's review.

Having found dismissal appropriate on the multiple grounds of standing, ripeness, and *Younger* abstention, the court finds no need to address the plaintiffs' specific claims of procedural and substantive due process violations.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well-taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 21st day of January, 2010.

                                     */s/ Neal Biggers*
                                     **NEAL B. BIGGERS, JR.**
                                     **SENIOR U.S. DISTRICT JUDGE**